UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARLAND P. JEFFERS,

    Plaintiff,

    v.                                        CAUSE NO.: 3:19-CV-1002-JD-MGG

MARVIN WALTON, et al.,

    Defendants.

OPINION AND ORDER

Garland Jeffers, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Jeffers alleges that, as part of his religious faith, he observes Ramadan by eating only at certain times, and, in 2019, Ramadan began on May 6 and ended on June 6. In April 2019, he submitted a request to Chaplain Walton for placement on a list to eat at times that would accommodate his religious faith. On May 4, a correctional officer informed Jeffers that he was not on the list, and Jeffers submitted another request to Chaplain Walton. On May 6, Jeffers was not allowed to go

to breakfast early because he was not on the list. A correctional officer contacted Chaplain Walton and told Jeffers that he was not on the list because he had missed the deadline. Jeffers then submitted an informal grievance. On May 8, Chaplain Walton told Jeffers that he had missed the deadline and that he would not be placed on the list. Jeffers attempted to resolve the failure to accommodate his religious faith through the grievance system and sought alternative accommodations by asking correctional staff to take food from the cafeteria for later, but he was unable to do so throughout the duration of Ramadan. For his claims, he seeks money damages and injunctive relief.

Jeffers asserts that Chaplain Walton violated his rights under the Free Exercise Clause of the First Amendment by preventing him from eating during certain times in observance of Ramadan as required by his religious faith. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). Based on the allegations in the complaint,

Jeffers asserts a plausible claim under the Free Exercise Clause against Chaplain Walton.

Jeffers also seeks injunctive relief against Chaplain Walton to prevent him from denying any future requests for religious accommodations. The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental actors from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Money damages and injunctive relief are available under Section 1983, but only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Though Jeffers asserts this claim against Chaplain Walton, it is the Warden of the Westville Correctional Facility who has both the authority and the responsibility to ensure that he receives the accommodations to which he is entitled under RLUIPA. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will add the Warden as a defendant in his official capacity and will allow Jeffers to proceed against this defendant on an injunctive relief claim.

Jeffers further asserts a claim against Grievance Officer Harvil for mishandling the grievances regarding the meal time accommodations. However, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Consequently, Jeffers may not proceed on a claim against Grievance Officer Harvil.

For these reasons, the court:

(1) GRANTS Garland P. Jeffers leave to proceed on a claim for money damages against Chaplain Walton for violating his rights under the Free Exercise Clause of the First Amendment by preventing him from eating during certain times in observance of Ramadan as required by his religious faith from May 6, 2019, to June 6, 2019;

(2) DIRECTS the clerk to add the Warden of Westville Correctional Facility as a defendant in his official capacity;

(3) GRANTS Garland P. Jeffers leave to proceed on a claim for injunctive relief against the Warden of Westville Correctional Facility in his official capacity to be allowed to eat during specific times in observance of Ramadan as required by the Religious Land Use and Institutionalized Persons Act;

(4) DISMISSES John Harvil;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Chaplain Walton and the Warden of Westville Correctional Facility at the

Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Chaplain Walton and the Warden of Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Garland P. Jeffers has been granted leave to proceed in this screening order.

SO ORDERED on November 22, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT